IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
DENVER DIVISION

THE DRINKING POST, L.L.C.

    Plaintiff,

    v.                                Case No. _____

COUNTY LINE HARDWARE, L.L.C. and

Michael D. Miller,

    Defendants.

## COMPLAINT AND JURY DEMAND

### I. NATURE OF ACTION

1. This is an action for Copyright Infringement, false designation of origin, passing off; deceptive trade practices in violation of the Colorado Consumer Protection Act, C.R.S. 6-1-101 *et seq*.

### II. PARTIES

2. Plaintiff, The Drinking Post, L.L.C., ("Plaintiff") is a Colorado Limited Liability Company with a principal place of business at 7953 Swaps Lane, Evergreen, CO 80439.

3. Plaintiff currently manufactures and sells a line of animal drinking bowls trademarked as "Drinking Post Waterer", federal registration number 3991611, registered July 12, 2011. See Exhibit D.

4. Plaintiff has been a leader in such products since 2010.

5. Defendants, County Line Hardware, L.L.C. and Michael D. Miller are an Ohio Limited Liability Company and an individual, respectively, with an address of 33951 SR643, Baltic, Ohio 43804. County Line Hardware, L.L.C. is a store and Michael D. Miller is the

registered agent and, by information and belief, the owner.

6. Defendants are currently doing business under the name, County Line Hardware, and advertise in "The Busy Beaver Extreme", see Exhibit A.

### III. JURISDICTION

7. As this action relates to copyright infringement, this Court has original subject matter jurisdiction over this action under 17 U.S.C. §101 et seq., and 28 U.S.C. §1338 (a) (copyright).

8. As this case relates to unfair trade practices that are joined with and substantially related to the copyright infringement action per C.R.S. §6-1-101, et seq., including but not limited to §105 (a) (b), and (c), this Court also has original jurisdiction over these claims under 28 U.S.C. §1338(b).

9. This Court has personal jurisdiction over Defendants as they transact business in the State of Colorado.

### IV. VENUE

10. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and 1391(c) in that the Defendants transact business in the District of Colorado.

### V. FACTUAL BACKGROUND

11. The copyright at issue is the Plaintiff's brochure/advertisement attached as Exhibit B, with the copyright registration attached as Exhibit C.

12. Plaintiff has a copyright registration No.TX8-861-140, Exhibit C.

13. Defendants have copied a substantially similar advertisement for similar competitive goods, violating copyright laws and violating the Colorado Consumer Protection Act. See Exhibit A page 2.

14. Exhibit A is distributed widely in Colorado.

15. Furthermore, Exhibit A page 2 upper right shows Plaintiff's registered trademark of "Drinking Post Waterer", attached as Exhibit D, with the word "Waterer" deleted and using the confusingly similar blue type font and oval outline which is magnified in Exhibit E.

16. Defendants are passing off their knock off animal drinking bowls as Plaintiff's which is clear when a comparison of the Exhibit B photograph of Plaintiff's common law protected trademark "Drinking Post" in blue type font and oval outline is made against. Exhibit E.

17. Furthermore, Defendants in their store refer to the knock off animal drinking bowl as "The Drinking Post", offered about $100.00 less than Plaintiff's original.

18. Plaintiff has extensively and continuously used its common law protected "Drinking Post" blue label with oval outline since at least July 12, 2011.

**CAUSES OF ACTION**

**<u>COUNT I</u>**
**COPYRIGHT**
**INFRINGEMENT 17 U.S.C. §**
**101 et seq.**

<u>COUNT I: INFRINGEMENT OF COPYRIGHT PURSUANT TO 17 U.S.C. §101 ET SEQ.</u>

19.   Plaintiff incorporates herein by this reference each and every allegation contained in each paragraph above.

20.   Plaintiff is, and at all relevant times has been, the copyright owner of exclusive rights under United States copyright with respect to a certain copyrighted advertisement shown in Exhibit B, which is the subject of a valid and complete Certificate of Copyright Registration by the Register of Copyrights, TX 8-861-140 registered April 13, 2020. The date of infringement occurred before the date of registration.

21.   Among the exclusive rights granted to each Plaintiff under the Copyright Act are the exclusive rights to reproduce the Copyrighted Work and to distribute the Copyrighted Work to the public.

22.   Upon information and belief, Michael D. Miller, is the dominant influence in Defendants, and determined and/or directed the policies that led to the infringements complained of herein. Accordingly, Michael D. Miller is jointly and severally liable for any direct copyright infringement committed by Defendants. *See Broad. Music, Inc. v. It's Amore Corp.*, No. 3:08CV570, 2009 WL 1886038 (M.D. Pa. June 30, 2009), citing *Sailor*

4

*Music v. Mai Kai of Concord, Inc.*, 640 F. Supp. 629, 634 (D.N.H.1984). Upon further information and belief, Michael D. Miller maintained the right and ability to control the infringing activities of Defendants, and had a direct financial interest in those activities by virtue of his equity ownership in the company. Accordingly, Michael D. Miller is vicariously liable for any copyright infringement committed by Defendants. *See, e.g., Broad. Music, Inc. v. Tex Border Mgmt.*, 11 F. Supp. 3d 689, 693-94 (N.D. Tex. 2014).

23. Plaintiff is informed and believes that Defendants, without the permission or consent of Plaintiff, has copied and used a substantially similar version of Plaintiff's copyright attached as Exhibit B. In doing so, Defendants violated Plaintiff's exclusive rights of reproduction and distribution. Defendant's actions constitute infringement of Plaintiff's copyright and exclusive rights under copyright.

24. Plaintiff is informed and believes that the foregoing act of infringement was willful and intentional, in disregard of and with indifference to the rights of Plaintiff.

25. As a result of Defendant's infringement of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages, pursuant to 17 U.S.C. § 504(b) for Defendant's infringement of the Copyrighted advertisement attached as Exhibit B.

26. Plaintiff is entitled to a permanent injunction against Defendants, as well as other remedies.

## COUNT II

### COLORADO CONSUMER PROTECTION ACT

27. The allegations of all prior paragraphs are incorporated by reference as though fully set forth herein.

28. Defendants' activities described herein constitute unfair competition and unfair or deceptive acts and practices in the conduct of its trade and business in violation of C.R.S. § 6-1- 101, *et seq.*, including but not limited to § 105(a)(b) and (c).

29. These activities significantly impact the public because Defendants' knock off animal drinking bowls are widely advertised and promoted and sold to Colorado consumers.

30. Plaintiff has been injured in the course of its business as a result of the deceptive trade practices in the form of potential consumer confusion and actual bonafide dealer complaints in Colorado.

31. On information and belief, Defendants' wrongful and deceptive activities have caused, and unless enjoined by this Court, will continue to cause irreparable injury and other damage to Plaintiff's business, reputation, and goodwill which Plaintiff has no adequate remedy at law, wherein Defendants knowingly make false representations as to the source, sponsorship, approval, or certification of goods (C.R.S.§ 6-1-105(c)).

32. As a result of the Defendants' violation of the CCPA, Plaintiff is entitled to recover damages under C.R. S. § 6-1-113, including triple actual damages, reasonable attorney fees and costs.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A. Declaring that Defendants' unauthorized conduct violates Plaintiff's rights under the Federal Copyright Act;

B. Immediately and permanently enjoining Defendants, its officers, directors, agents,

servants, employees, representatives, attorneys, related companies, successors, assigns, and all others in active concert or participation with them from copying and republishing Plaintiff's Copyrighted work without consent or otherwise infringing Plaintiff's copyright or other rights in any manner;

C. Awarding Plaintiff damages for Defendants' copyright infringement in an amount to be determined at trial;

D. Awarding Plaintiff his costs, reasonable attorneys' fees, triple damages, and disbursements in this action, pursuant to C.R.S. 6-1-113; and

E. Directing such other relief as the Court may deem appropriate to prevent consumers, the public, and/or the trade from deriving any erroneous impression that any products at issue in this action that have been marketed, promoted, supplied, distributed, offered for sale, or sold by Defendants, has been authorized by Plaintiff, or is related in any way with Plaintiff and/or its services; and

F. Awarding Plaintiff such other and further relief as is just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims for which there is a right to jury trial.

Dated: April 28, 2020 　　　　　　　　　　　　　　/s/ Ralph (Rick)Martin
Ralph (Rick) Martin, Esq. (CO Bar No.20688)
PATENT LAW OFFICES OF RICK MARTIN, P.C.
P.O.1839
Longmont, Colorado 80502
Telephone: (303) 651-2177
E-mail: rmartin@patentcolorado.com
rickpattm@yahoo.com
*Attorney for Plaintiff*